NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0844n.06
Filed: December 13, 2007

Case No. 06-1210

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| LIVING WATER CHURCH OF GOD, d/b/a Okemos Christian Center, a Michigan Ecclesiastical Non-Profit Organization, | ) ) ) ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| v. | ) ) | |
| CHARTER TOWNSHIP OF MERIDIAN; SUSAN MCGILLICUDDY; MARY HELMBRECHT; BRUCE D. HUNTING; JULIE BRIXIE; STEVE STIER; ANDREW J. SUCH; ANNE M. WOIWODE, in their official Capacities as members of the Meridian Township Board, | ) ) ) ) ) ) ) ) ) | O R D E R |
| Defendants-Appellants. | ) ) ) | |
| _____ | ) | |

**BEFORE: BATCHELDER and MOORE, Circuit Judges; HOOD[*], District Judge.**

**ALICE M. BATCHELDER, Circuit Judge.** The district court granted Living Water

Church of God ("Living Water") an award of attorney's fees as the prevailing party in the underlying

litigation, in which Living Water alleged that the Meridian Charter Township ("Township") and

Township Board violated the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §

2000cc *et seq.* ("RLUIPA"), when the Township denied Living Water a special use permit to

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

construct a 34, 989 square-foot structure on its property. *See* 42 U.S.C. § 1988(b) ("In any action or proceeding to enforce a provision of . . . the Religious Land Use and Institutionalized Persons Act of 2000, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . . .").

In a separate opinion, we concluded that the district court erred in finding that the Township violated RLUIPA. Because Living Water is no longer the prevailing party in this suit, it may not be awarded attorney's fees under § 1988(b).

Accordingly, we **REVERSE** the judgment of the district court and **REMAND** for proceedings consistent with this opinion.